SAWAYA, J.,
.concurring.
I concur in the majority opinion because I am bound by this court’s decision in *456 Florida Hematology & Oncology v. Tummala, 927 So.2d 135 (Fla. 5th DCA 2006), which holds that referral sources are not a legitimate business interest under section 542.335(l)(b), Florida Statutes (2014). If it were not for Tummala, I would affirm that part of the temporary injunction that concludes the referral sources of Ameri-care Home Therapy, Inc., d/b/a Americare Home Health (“Americare”) áre a legitimate business interest under the statute. I believe that Tummala stretches too far the holding in University of Florida, Board of Trustees v. Sanal, 837 So.2d 512 (Fla. 1st DCA 2003), and misapplies section 542.335(l)(b)3. (which concerns “specific prospective or existing customers, patients, or clients”) to referral sources.
Sanal involved a physician who worked for the University of Florida (the “University”). 837 So.2d at 513. The physician signed a non-compete agreement prohibiting him from treating all individuals who lived within a certain geographical area in the event that he left the University. Id. at 514. When he accepted employment elsewhere in the same area, the University filed suit seeking an injunction to prohibit the physician from treating all individuals who lived in the designated geographical area, contending that the physician interfered with the University’s legitimate business interest concerning its specific prospective patients under section 542.335(l)(b)3. Id. The trial court denied the request for an injunction, and the order was appealed to the First District Court. Id. at 515. The First District Court affirmed the denial of the injunction, holding that “to qualify as a ‘legitimate business interest’ pursuant to section 542.335(l)(b)3[.], a ‘relationship’ with a ‘prospective patient’ must be, in addition to ‘substantial,’ one with a particular, identifiable, individual.” Id. at 516. Therefore, the court reasoned that individuals living in the geographical area did not meet this definition and that an injunction would be improper. Id. at 515. In the instant case, we are not dealing with patients; rather, we are dealing with referral sources that are cultivated by a business or individual in the hopes that patients will be referred in the future. Thus, the business interest is the referral source, and referral sources are neither excluded by the decision in Sanal nor by the statute. The statute merely lists a number of legitimate business interests, but that list is not exclusive. While referral sources are not specifically listed, this does not mean that they may not qualify as a legitimate business interest. See Infinity Home Care, L.L.C. v. Amedisys Holding, LLC, 180 So.3d 1060, 40 Fla. L. Weekly D2589, 2015 WL 7292837 (Fla. 4th DCA Nov. 18, 2015).
Hiles was specifically hired by Ameri-care to cultivate referral sources. Ameri-care declared in the Non-Compete, Non-Solicitation, and Nondisclosure Agreement (the “Non-Compete”) that its business depends on referral sources, and Hiles specifically agreed when she signed the Non-Compete that she would not solicit any of Americare’s referral sources on behalf of her new employer. The trial court entered a detailed order with specific findings supported by substantial, competent evidence in the record that Hiles violated that part of the Non-Compete and thereby caused irreparable harm to Americare. Thus, the trial court entered the injunction under review to protect Americare’s legitimate business interest in its referral sources. If it were not for the holding in Tummala, I would affirm this part of the injunction. See Infinity Home Care, 180 So.3d 1060, 40 Fla. L. Weekly D2589.
The decision in Infinity Home Care is strikingly similar to the instant case and holds that referral sources may be a legitimate business interest under section 542.335, certifying conflict with Tummala. *457 Id. I agree with the rationale in Infinity Home Care and believe that case conflicts with the instant case. It will now be up to the Florida Supreme Court to resolve the conflict.